**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ROPER TECHNOLOGIES, INC.,**

    Plaintiff,

**v.**

CASE NO. _____

**JOHN DOE, a/k/a "alys"
Presently an unknown individual,**

    Defendant.

_____/

## COMPLAINT

Plaintiff Roper Technologies, Inc. ("Roper"), by and through its undersigned counsel, hereby sues Defendant Defendant John Doe, a/k/a "alys" ("John Doe"), and states as follows:

### NATURE OF THE ACTION

1. This is an action for violation of the Computer Fraud and Abuse Act against an individual who is continuously attempting to improperly access Roper's online treasury management system without authorization.

### PARTIES AND VENUE

2. Plaintiff Roper is a Delaware corporation with its principal place of business at 6901 Professional Parkway East, Suite 200, Sarasota, Florida 34240.

3. Roper is a global marketer of engineered products and solutions for niche markets including software information networks, medical, water, energy, and transportation.

4. As of the date of Roper's filing of this civil action, the precise identity of "John Doe" is unknown to Roper. Roper knows only that John Doe appears to use the online

username "alys."  Therefore, Roper brings this action against the said Defendant as "John Doe."

5. Defendant John Doe is an unknown individual who, upon information and belief, resides in Lutz, Hillsborough County, Florida.

6. John Doe has made multiple unauthorized attempts to access Roper's online treasury management system without authorization, which constitutes a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq.

7. Based on the above allegations, this Court has personal and subject matter jurisdiction over this matter.

8. Venue over Roper's claim is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

9. Roper stores confidential financial information in its online treasury management system.  To protect this information, Roper has made substantial investments to ensure that this information is secure.  These investments include unique usernames and passcodes, limiting access to those with a specific need to access the information, and active monitoring of the system for unauthorized access.

10. Recently, Roper's information technology professionals observed multiple attempts by John Doe to improperly access Roper's online treasury management system.

11. On information and belief, John Doe is a former employee of Roper.

12. On information and belief, John Doe is attempting to hack into Roper's servers from IP address 72.186.115.192 using the account name "alys."

## COUNT ONE
## VIOLATION OF 18 U.S.C. § 1030, *et seq.*
## COMPUTER FRAUD AND ABUSE ACT

16. Roper hereby incorporates by reference, as if fully stated herein, all the preceding paragraphs of this complaint.

17. Roper's computers and online treasury management system are used in interstate commerce to conduct business in many different states.

18. Roper's treasury management system contains highly sensitive and confidential financial information.

19. John Doe is not one of the individuals authorized to access Roper's computers and online treasury management system.

20. John Doe, without authorization, has intentionally attempted to access protected computers and servers, and thereby obtain confidential and protected information of Roper.

21. John Doe knowingly and intentionally continues to attempt to hack and inappropriately access protected computers for the purpose of advancing his or her personal interests.

22. John Doe's attempts to access the online treasury system were committed with the intent to defraud and gain access to confidential information about Roper.

23. John Doe engaged in all of the above-described acts with a knowing or intentional state of mind.

24. As a result of John Doe's conduct, within less than one year's time, Roper has incurred substantial damages in excess of $5,000.00.

WHEREFORE, Roper prays for

A.     Compensatory, statutory, and punitive damages;

B.     Injunctive relief;

C.     Reasonable attorneys' fees and other litigation costs;

D.     Treble damages; and

D.     Any further relief the Court deems just and appropriate.

Dated: June 23, 2017.                    Respectfully Submitted,

By:    */s/ Emily Y. Rottmann*
Sara F. Holladay-Tobias
Florida Bar No. 0026225
Emily Y. Rottmann
Florida Bar No. 0093154
**McGuireWoods LLP**
50 N. Laura Street, Suite 3300
Jacksonville, Florida 32202
(904) 798-3200
(904) 798-3207 (fax)
stobias@mcguirewoods.com
erottmann@mcguirewoods.com
flservice@mcguirewoods.com
jaiken@mcguirewoods.com
clambert@mcguirewoods.com

*Attorneys and Trial Counsel for Roper Technologies, Inc.*