UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

ROPER TECHNOLOGIES, INC.,

    Plaintiff,

vs.                                   Case No.:  8:17-CV-1522-T-33MAP

ANTHONY LYSENKO,

                                           **Dispositive Motion**

    Defendant.

_____/

**DEFENDANT ANTHONY LYSENKO'S DISPOSITIVE
MOTION TO DISMISS FIRST AMENDED COMPLAINT
AND SUPPORTING MEMORANDUM OF LAW**

      Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and Rule 3.01 of the Local Rules for the Middle District of Florida, Defendant Anthony Lysenko ("*Lysenko*"), hereby moves this Court for an order dismissing the First Amended Complaint (DE 10) (the "*Complaint*") filed on behalf of Plaintiff Roper Technologies, Inc. ("*RTI*").

**MEMORANDUM OF LAW**

### I. PROCEDURAL & FACTUAL HISTORY

      RTI filed its initial unverified pleading against a "John Doe" defendant on June 26, 2017. (DE 1). On October 18, 2017, RTI filed the instant Complaint, which consists of a single count purporting to assert a claim under the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030. (DE 10).

According to the unverified Complaint, RTI stores "highly sensitive" and "confidential financial" information (DE 10 at ¶¶ 9, 18), in an "online treasury management system" that is subject to limited access, log-in credentials and monitoring. *Id*. at ¶¶ 9, 10 17, 18. RTI's "computers and online treasury management system" are allegedly used "in interstate commerce to conduct business in many different states." *Id.* at ¶ 17. The Complaint alleges that Lysenko, a former employee, is not one of the "individuals authorized to access" RTI's "computers and online treasury management system," *id.* at ¶¶ 11, 19, and that he is attempting to "hack into Roper's servers" from IP address 72.186.115.192 "using the account name 'alys'." *Id.* at ¶ 12. As sole support for this allegedly criminal conduct, the unverified Complaint simply avers that "[r]ecently, Roper's information technology professionals observed multiple attempts by Lysenko to improperly access Roper's online treasury management system." *Id.* at ¶ 10.

The balance of the unverified Complaint is essentially devoted to repeating the accusation that Lysenko is "continuously attempting to improperly access Roper's online treasury management system without authorization." *Id.* at ¶ 1; *see also id.* at ¶ 6 ("multiple unauthorized attempts to access Roper's online treasury management system without authorization"), *id.* at ¶ 10 ("multiple attempts by Lysenko to improperly access Roper's online treasury management system"), *id.* at ¶ 20 ("without authorization, has intentionally attempted to access Roper's protected computers and servers"), *id.* at ¶ 21 ("continues to attempt to hack and inappropriately access protected computers"). The Complaint also claims in conclusory fashion that Lysenko acted "intentionally," *id.* at ¶¶ 20, 21, 23, "knowingly," *id.* at ¶¶ 21, 23, fraudulently, *id.* at ¶ 22, to "gain access to"

confidential information "about" RTI, *id.* at ¶ 22, and to advance his own personal

interests. *Id.* at ¶ 21. The Complaint wraps up with the adorned conclusion that "[a]s a

result of Lysenko's conduct" RTI has incurred "substantial damages in excess of $5,000"

in less than one (1) year and demands judgment for punitive, treble, and statutory

damages, attorney's fees, injunctive and other relief. *Id.* at ¶ 24.


## II. ARGUMENT

This Court's jurisdiction is based solely on RTI's single-count Complaint

purporting to allege a claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030

(the "*CFAA*"). The CFAA generally prohibits accessing a computer without or in excess

of authorization resulting in certain categories of loss or damage. *See* 18 U.S.C. § 1030.


### A.   Applicable procedural standards

To satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure, a complaint must simply give the defendants fair notice of what the plaintiff's

claim is and the grounds upon which it rests. *See, e.g., Allied Portables, LLC v. Youmans*,

2015 IER Cases 184,602, 2015 WL 3720107, at *2 (M.D. Fla. 2015). While not requiring

"detailed factual allegations," Rule 8 demands more than an unadorned, "the-defendant-

unlawfully-harmed-me accusation." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268

(11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009), *abrogated on other*

*grounds in Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012)). "To survive a motion to

dismiss, a plaintiff must do more than merely 'label' his claims." *In re AOL, Inc. Version*

*5.0 Software Litig.,* 168 F. Supp. 2d 1359, 1366 (S.D. Fla. 2001) (citing *Blackston v. Alabama*, 30 F.3d 117, 120 (11th Cir. 1994)); *see also Allied Portables*, 2015 WL 3720107 at *6 (plaintiff's obligation to provide the "grounds" of its entitlement to relief requires more than "labels, conclusions, and formulaic recitation" of the elements).

Courts follow a two-prong approach when considering a motion to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Ashcroft*, 556 U.S at 679). If "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim meets the "plausibility requirement," but it requires "more than a sheer possibility" that the allegations are true. *Id. See also Thomas Christopher Group, Inc. v. Moreno*, No. 8:15–CV–992–T–17EAJ, 2015 WL 4139169, at *1 (M.D. Fla. Jul. 8, 2015).

Although a court "must accept the allegations of the complaint as true and must construe the facts alleged in the light most favorable to the plaintiff" when deciding a Rule 12(b)(6) motion to dismiss, *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (1994), *app. after remand*, 166 F.3d 351 (11th Cir. 1998) (citation omitted), *unwarranted* deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. *Sinaltrainal*, 578 F.3d at 1268 (citing *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)). "[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts

will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003), *cert. denied*, 540 U.S. 1016 (2003) (citation omitted); *see also Ashcroft*, 556 U.S at 678 ("[N]aked assertions devoid of further factual enhancement are also insufficient to survive a motion to dismiss") (internal quotations omitted).

The Complaint consists entirely of regurgitated labels, conclusions unsupported by pleaded facts, and "a formulaic recitation" of the (incomplete) elements of a claim. *Twombly*, 550 U.S. at 570. RTI has failed to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Not only does the Complaint lack sufficient factual allegations supporting any plausible claim for relief under the CFAA, on its face it *negates* any CFAA claim and should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See, e.g., In re AOL,* 168 F. Supp. 2d at 1366 (dismissal is appropriate when no construction of the factual allegations will support the cause of action based on a dispositive issue of law).

**B.   RTI's CFAA claims should be dismissed for failure to allege elements required under all CFAA provisions**

To invoke this Court's jurisdiction, RTI relies entirely on an alleged claim under CFAA, which prohibits seven (7) types of computer crimes involving or related to unauthorized (or exceeding authorization in most categories) access to computers. *See* 18 U.S.C. § 1030(a). Criminal defendants charged with violating, attempting to violate and/or conspiring to violate CFAA face penalties ranging from monetary fines to lengthy incarceration. *See* 18 U.S.C. § 1030(c). The CFAA was enacted in 1984 to enhance the

government's ability to prosecute computer crimes. *See, e.g., Enhanced Recovery Co. v. Frady,* No. 6:17–CV–933–ORL–40DCI, 2015 WL 1470852, at *5 (M.D. Fla. Mar. 31, 2015).

As the Middle District (and others in the Eleventh Circuit) repeatedly has recognized, the CFAA was "'designed to target hackers who accessed computers to steal information or to disrupt or destroy computer functionality, as well as criminals who possessed the capacity to access and control high technology processes vital to our everyday lives....'" *Alternative Medicine Integration Group, Inc. v. Langford*, No. 8:13-CV-2909-T-33AEP, 2013 WL 6195774, at *3 n. 1 (M.D. Fla. Nov. 19, 2013) (quoting *Trademotion, LLC v. Intelligence Auto. Corp.,* 857 F. Supp. 2d 1285, 1289-90 (M.D. Fla. 2012)). *See also Allied Portables*, 2015 WL 3720107, at *3.

Although primarily a criminal statute, CFAA authorizes private individuals and companies to sue for damages caused by violations of CFAA under limited circumstances: "Any person who suffers damage or loss by reason of a *violation* of this section may maintain a civil action against the *violator* to obtain compensatory damages and injunctive relief or other equitable relief." 18 U.S.C. § 1030(g) (italics added). *See also Coll Builders Supply, Inc. v. Velez*, No. 6:17–CV–933–ORL–40DCI, 2017 WL 4158661, at *6 (Aug. 31, 2017), *report & recommendation adopted*, 2017 WL 4125641 (M.D. Fla. Sep. 18, 2017).

18 U.S.C. § 1030(g) creates only a "limited private right of action." *See, e.g.*, *Enhanced Recovery,* 2015 WL 1470852, at *11. 18 U.S.C. § 1030(g)'s authorization of a civil suit is not coextensive with the entire CFAA because a civil action must include, in

addition to "damage or loss" because of a "violation" must also include allegations of conduct involving one of five statutory factors.[1] 18 U.S.C. § 1030(g). In this regard, CFAA's private action provision is "principally defined by a two-part injury requirement; a plaintiff must suffer a certain type of root injury, which is not sufficient to support a civil action, unless one of five operatively-substantial effects occurs." *Resdev, LLC v. Lot Builders Ass'n*, No. 6:04-CV-1374ORL31DAB, 2005 WL 1924743, at *3 (M.D. Fla. Aug. 10, 2005). Consequently, to pursue a civil claim, not only must RTI allege that Lysenko "violated" the CFAA, but that the "violation" resulted in a cognizable "loss" to RTI of at least $5,000 in a one (1) year period. *See* 18 U.S.C. §§ 1030(c)(4)(A)(i)(I), 1030(g). *Accord Allied Portables*, 2015 WL 3720107, at *3; *Aquent, LLC v. Stapleton*, 65 F. Supp. 3d 1339, 1342 (M.D. Fla. 2014).

Although the Complaint purports to sue under CFAA, it does not identify the substantive provision that Lysenko allegedly violated, alternating between references to "attempts" to (a) "hack" into RTI's "servers," (DE 10 at ¶ 12), (b) access protected computers with "the intent to defraud and gain access to confidential information about Roper," *id.* at ¶ 22, and (c) access "highly sensitive and confidential financial information" contained in RTI's "online treasury management system." *Id.* at ¶¶ 18-20.

---

[1] § 1030(g) limits civil actions to those involving one of the five "factors" enumerated in subparagraphs (I)-(V) of § 1030(c)(4)(A)(i). Only the factor set out in subparagraph (I) (aggregated "loss" of at least $5,000 in one (1) year), is potentially relevant to this case. *See* 18 U.S.C. §1030(g); *Aquent*, 65 F. Supp. 3d at 1352 n. 4 (M.D. Fla. 2014) ("the civil cause of action does not need to be brought under subsection (c)(4)(A)(i), but it must involve conduct enumerated in those paragraphs").

Potentially relevant to such allegations are, respectively: intentionally accessing a computer without (or exceeding) authorization and obtaining information from a protected computer, *see* 18 U.S.C. § 1030(a)(2)(C) ("data theft"), knowingly and with fraudulent intent accessing a protected computer and as a result obtaining value from the protected computer that furthers the fraud, *see* 18 U.S.C. § 1030(a)(4) ("fraud"), and intentionally accessing a protected computer and causing damage and loss. 18 U.S.C. § 1030(a)(5)(C) ("hacking") [2]. However, the Complaint fails to state a claim relating to any CFAA subsection on which RTI purports to rely because all such claims must allege "access" and cognizable "loss" meeting statutory thresholds. Because RTI fails to plead those elements, the Complaint should be dismissed pursuant to Rule 12(b)(6).

*1. CFAA claim fails for lack of "access"*

Each of the CFAA claims above require the common element of "access." *See, e.g., Maintenx Management, Inc. v. Lenkowski*, 2015 IER Cases 175,037, 2015 WL 310543, at *3 (M.D. Fla. Jan. 26, 2015) (failure to sufficient allege access was fatal to CFFA claims under 18 U.S.C. §§ 1030(a)(2)(C), 1030(a)(4), and 1030(a)(5)(C)). For example, a "hacking" claim grounded on 18 U.S.C. § 1030(a)(5)(C) requires RTI to allege that Lysenko intentionally *accessed* a protected computer without authorization *and* as a result caused both "damage" *and* "loss." *See* 18 U.S.C § 1030(a)(5)(C).

---

[2] This motion does not address an alternative "hacking" section, 18 U.S.C. § 1030(a)(5)(B), requires the more demanding element of "reckless" intent. While it requires only "damage" and not "loss," *compare* 18 U.S.C. § 1030(a)(5)(C), RTI already must allege "loss" to purse any civil claim. *See* 18 U.S.C. §§ 1030(g) and 1030(c)(4)(A)(i)(I) and *infra*.

Likewise, to state a "fraud" claim grounded on 18 U.S.C. § 1030(a)(4), RTI must allege that Lysenko knowingly and with intent to defraud *accessed* a protected computer without (or exceeding) authorization, which conduct furthered his intended fraud, *and* as a result of which conduct he *obtained something of value. See* 18 U.S.C § 1030(a)(4). Finally, to pursue a "data theft" claim under 18 U.S.C. § 1030(a)(2)(C), RTI must allege that Lysenko intentionally *accessed* a computer without (or exceeding) authorization *and* thereby *obtained information* from a protected computer. *See* 18 U.S.C § 1030(a)(2)(C).

Indeed, numerous federal courts have observed that the various substantive offenses[3] in CFAA are triggered by unauthorized *access,* which is an element of any CFAA privacy claim. *See, e.g., Agilysys, Inc. v. Hall*, ____ F. Supp. 3d ___, 2017 WL 2903364, at *6 (N.D. Ga. May 25, 2017); (action can only be brought against the "violator," e.g., the one actually accessed the computers); *Thomas Christopher Group*, 2015 WL 4139169, at *3 (complaint failed to allege facts showing defendant intentionally accessed computer); *Davies v. Afilias Ltd.,* 293 F. Supp. 2d 1265, 1273 (M.D. Fla. 2003); *Power Equip. Maintenance, Inc. v. AIRCO Power Servs., Inc.*, 953 F. Supp. 2d 1290, 1297 (S.D. Ga. 2013) ("CFAA requires that the individual actually *access* the information.."); *Trademotion,* 857 F. Supp. 2d at 1293 (no allegations that either defendant accessed plaintiffs' protected computers).

---

[3] This case does not allege "non-access" claims of credential trafficking, *see* 18 U.S.C. § 1030(6), or extortion, *see* 18 U.S.C. § 1030(7). The only other exception in a *civil* case is "conspiracy" to violate CFAA, *see generally* 18 U.S.C. §§ 1030(b), (g), which is not alleged in the Complaint.

The Complaint lacks even a single allegation that Lysenko *accessed* any protected computer[4]; by contrast, it is replete with statements to the contrary, consistently alleging only that Lysenko "attempted" to access RTI's computers, servers, or other systems. (DE 10 at ¶¶ 1, 6, 10, 12, 20, 21, 22). However, repetition of a non-element does not cure the absence of, and indeed contradicts, the critical element of "access."[5] RTI's Complaint is deficient as matter of law.

---

[4] Because the allegations in the Complaint expressly negate the existence of any cognizable claim under the CFAA, Lysenko need not, and therefore does not for purposes of this motion only, challenge RTI's vague and sparsely pleaded allegations that its "online treasury management system" is "used in interstate commerce to conduct business" and therefore constitutes a "protected computer." (DE 10 at ¶¶17, 20, 21).

[5] Addressing the increasing attempts to use the CFAA against former employees, courts within the Eleventh Circuit have held that a violation under the CFAA for access "without authorization" occurs only where initial access was not permitted." *See, e.g.*, *Enhanced Recovery,* 2015 WL 1470852, *2 ("the Court agrees with the analysis of the majority of the district courts within the Eleventh Circuit, who have held that the CFAA's definition of "exceeds authorized access" does not reach an employee who has permission to access proprietary information, but subsequently uses it in violation of company policy"); *EarthCam, Inc. v. OxBlue Corp.*, 49 F. Supp. 3d 1210, 1231 (N.D. Ga. 2014), *aff'd,* ___ Fed. Appx. ____, 2017 WL 3188453, (11th Cir. Jul. 27, 2017); *Power Equip. Maintenance,* 953 F. Supp. 2d at 1295-96; *Trademotion,* 857 F. Supp. 2d at 1291; *Mortgage Now, Inc. v. Stone,* No. 3:09CV80/MCR/MD, 2009 WL 4262877, *9 (N.D. Fla. 2009); *Diamond Power Internat'l, Inc. v. Davidson,* 540 F. Supp. 2d 1322, 1341 (N.D. Ga. 2007); *Lockheed Martin,* 2006 WL 2683058, *7; *cf. Aquent,* 65 F. Supp. 3d at 1346. Although hinting that Lysenko, a "former employee," (DE 10 at ¶ 11), had such prior authorization through his allegation that Lysenko was "using the account name 'alys'," (DE 10 at ¶ 12), the Complaint does not allege that Lysenko had authorization to access any RTI systems during his employment. Instead, the Complaint vaguely characterizes the alleged conduct as "unauthorized," and "improper," and "inappropriate[]," and that Lysenko "is not … authorized…" (DE 10 at ¶¶ 1, 6, 10, 19, 20, 21). Therefore, this motion does not address whether RTI's claim is also precluded for failure to allege that Lysenko "exceeded authorization" as required by these cases. *Compare Clarity Servs.*, 698 F. Supp. 2d at 1316 (former employee did not violate CFAA by booting laptop and restoring factory settings after resigning, where employee enjoyed unrestricted access to all information on laptop throughout his employment, employer failed to impose any restriction on his access to laptop after he resigned, and there was no evidence that employee obtained any information from laptop).

Although RTI repeatedly alleges that Lysenko "attempted" to access protected computers, the CFAA does not authorize a civil claim for "attempted" offenses. While 18 U.S.C. § 1030(b) authorizes *punishment* of those who "attempt to" or "conspire to" violate CFAA as set forth in 18 U.S.C. § 1030(c), the civil claim provision is drawn more narrowly: authorizing only a person who has suffered damage or loss as a result of a "*violation*" to bring a civil action again the "*violator.*"[6] 18 U.S.C. § 1030(g). *See Trademotion,* 857 F. Supp. 2d at 1293. Conspiracy to violate CFAA is a separate and distinct *violation* requiring different elements[7], whereas "attempting" to violate CFAA is merely an *incomplete* violation.[8] While courts have opined, some more skeptically than others, on the viability of a conspiracy claim under CFAA, *see, e.g., Coll Builders Supply,* 2017 WL 4158661, at *10-11; *Trademotion,* 857 F. Supp. 2d at 1293-94*;*

---

[6] Other provisions demonstrate the intent to distinguish between actual statutory violations (including conspiracy) and attempts: for example, forfeiture provisions may only be imposed on one who has been "convicted of a *violation* of this section, or convicted of *conspiracy to violate* this section…." 18 U.S.C. § 1030(i) (emphasis added).

[7] A conspiracy to violate a law is separate from the underlying crime and requires additional elements, most notably an "agreement" to commit an unlawful act. *See, e.g., United States v. Chandler*, 388 F.3d 796, 805 (2004), *on subseq. appeal*, 271 Fed. Appx. 974, *rehearing denied*, 284 Fed. Appx. 805 (11th Cir. 2008). What distinguishes the offense of conspiracy from a substantive offense, is that "agreement is the essential evil at which the crime of conspiracy is directed'…The agreement itself 'remains the essential element of the crime'." *Id*. at 806 (11th Cir. 2004) (quoting *Iannelli v. United States*, 420 U.S. 770, 777 n. 10 (1975)). *See also Agilysys*, 2017 WL 2903364, at *6. Consequently, a criminal defendant could be charged and convicted of *both* conspiracy to violate the CFAA and the underling substantive violation of CFAA that is the object of the conspiracy.

[8] Unlike attempt, conspiracy does not merge with the substantive offense; a conspirator may be punished for both. *See, e.g., Pinkerton v. United States*, 328 U.S. 640, 642 (1946) ("the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses").

*Agilysys,* 2017 WL 2903364 at *6; *Allied Portables,* 2015 WL 3720107 at *6. No reported cases have recognized a private claim based on "attempt."

As noted above, the CFAA authorizes civil actions only against "violators" by those who have suffered damage or loss as a result of a "violation," *Agilysys,* 2017 WL 2903364 at *6. RTI has failed to allege facts supporting its standing under the CFAA, because it does not allege "access" to such computers.

### 2. *CFAA claim fails to allege any cognizable "loss"*

The Complaint also fails to allege that it suffered from cognizable "loss" as defined by the CFAA and that would exceed the $5,000 threshold, which is equally fatal to the CFAA claim under theory outlined above. The CFAA ascribes a specific and limited meaning to the term "loss," defining it as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(11). Not only must RTI allege cognizable loss but that such cognizable "loss" meets the statutory $5,000 threshold. *See* 18 U.S.C. § 1030(g). *See also Nexans Wires S.A. v. Stark–USA, Inc.,* 319 F. Supp. 2d 468, 475 (S.D.N.Y. 2004) ("[T]he meaning of 'loss,' [under the CFAA] ... has consistently meant a cost of investigating or remedying damage to a computer, or a cost incurred because the computer's service was interrupted.").

Thus, "loss" includes two (2) separate cognizable categories: first, the "reasonable costs incurred in connection with such activities as responding to a violation, assessing the damage done, and restoring the affected data, program system, or information to its condition prior to the violation" and second, "any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." *Brown Jordan Internat'l, Inc. v. Carmicle,* 846 F.3d 1167, 1174 (11th Cir. 2017). *See also Aquent*, 65 F. Supp. 3d at 1344-45; *Klein & Heuchan, Inc. v. Costar Realty Info, Inc.,* No. 8:08–CV–1227–T–30EAJ, 2009 WL 963130 (M.D. Fla. Apr. 8, 2009). As noted earlier, only the alleged cognizable "loss" is included calculating whether RTI has satisfied the $5,000 in 1-year threshold. *See* 18 U.S.C. § 1030(g); *Aquent*, 65 F. Supp. 3d at 1344.

RTI fails to allege cognizable "loss" of any amount or even include the term "loss." The sole reference in the *unverified* Complaint to any monetary damages is that "[a]s a result of Lysenko's conduct, within less than one year's time, Roper has incurred substantial damages in excess of $5,000." (DE 10 at ¶ 24). In *SkiData v. Goudie*, No. 6:12-CV-1612-ORL-36KRS, 2012 WL 12883836 (M.D. Fla. 2012), the Court rejected similar allegations in a Verified Complaint as insufficient to meet minimum pleading requirements, where the pleadings did not allege any costs cognizable as "loss" under CFAA. *Id*. at *2.

Not only does the Complaint omit any reference to "loss" whatsoever, it fails to allege any type of damage or harm that would be cognizable under either category of "loss" defined by the CFAA. The Complaint contains no allegation that RTI incurred any costs or expenses in investigating, responding to, or correcting damage caused by any

alleged conduct by Lysenko, much less a *violation* of the CFAA. Indeed, the Complaint does not allege that RTI actually investigated or responded to any activity or corrected any damage caused thereby. It merely alleges that RTI's technology staff "observed" alleged attempts by Lysenko to "improperly access" RTI's system. (DE 10 at ¶ 10). The Complaint is otherwise bereft of any allegations as to what RTI did or didn't do with respect to the alleged "hacking" attempts.

Nor does RTI allege *any* interruption of service, thus precluding costs, lost revenue, or other consequential damages in that category of "loss." *See Brown Jordan,* 846 F.3d at 1174; *Klein & Heuchan,* 2009 WL 963130, at *3. Reliance on the bare, albeit repeated, allegation of "attempts" to violate CFAA, (DE 10 at ¶¶ 1, 6, 10, 20, 21), and the conclusory damage statement in the unverified Complaint, (DE 10 at ¶ 24), does not satisfy the clear requirements of CFAA, as interpreted by the Eleventh Circuit and this Court. RTI has simply failed to allege *facts* that would support its conclusory claim that it incurred $5,000 or more in any damages, much less cognizable "loss" required as a threshold for CFAA standing. Having thus failed to allege that RTI incurred cognizable losses of any amount, much less the threshold amount under CFAA, the Complaint is defective on its face and should be dismissed as matter of law.

**C. RTI fails to allege required elements of each individual CFAA theory**

In addition to the failure to allege "access" and "loss," which are fatal to RTI's CFAA claim any theory, each of the possible substantive claims hinted at in the Complaint fatally lacks one (1) or more additional required elements.

*1.   RTI fails to allege cognizable "damage" required by 18 U.S.C. §
1030(a)(5)(C)*

To state a "hacking" claim under 18 U.S.C. § 1030(a)(5)(C), RTI must allege that
Lysenko intentionally (a) accessed a protected computer and caused (b) "damage" and (c)
"loss" both as defined by CFAA. Unlike the claims above for "data theft" and "fraud,"
CFFA requires RTI to plead *both* "loss" and "damage" to state a claim under 18 U.S.C. §
1030(a)(5)(C). *See Aquent*, 65 F. Supp. 3d at 1344; *Trademotion*, 857 F. Supp. 2d at 1292
n. 3.

As addressed in detail above at Sections B.1 and B.2, RTI has failed to allege the
required elements of "access" and "loss" required in a claim under 18 U.S.C. §
1030(a)(5)(C). In addition, the Complaint does not include any allegations of "damage"
that are required under 18 U.S.C. § 1030(a)(5)(C). RTI fails to allege cognizable
"damage" of any amount. As noted above, the sole reference in the *unverified* Complaint
to any monetary damages is that "[a]s a result of Lysenko's conduct, within less than one
year's time, Roper has incurred substantial damages in excess of $5,000." (DE 10 at ¶
24). As with "loss," however, CFAA provides a very specific definition of "damage."

The CFAA defines "damage" specifically as "any impairment to the integrity or
availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8). The
use of term "integrity" in the statute to define damage requires "'some diminution in the
completeness or usability of data or information on a computer system'." *Trademotion,*
857 F. Supp. 2d at 1292 (quoting *Resdev,* 2005 WL 1924743, at *5); *Maintenx
Management*, 2015 WL 310543, at *3.

15

Likewise, the use of word "availability" suggests that RTI may prove damage by showing that Lysenko's actions somehow made certain data or program not readily obtainable. *See Trademotion,* 857 F. Supp. 2d at 1292; *Cheney v. IPD Analytics, LLC*, No. 08–23188–CIV, 2009 WL 1298405, at *6 (Apr. 16, 2009), *report & recommendation adopted*, 2009 WL 2096236 (S.D. Fla. May 8, 2009). Thus, as opposed to "loss," the definition of "damage" "is aimed at the impairment rendered to the computer and information therein." *Lockheed Martin Corp. v. Speed,* 81 USPQ 2d 1669, 2006 WL 2683058, at *7 (Aug. 1, 2006), *reconsideration denied*, 2007 WL 566694 (M.D. Fla. Feb. 20, 2007). *Accord Aquent*, 65 F. Supp. 3d at 1345.

The Complaint offers no factual allegations to support a conclusion that RTI suffered "damages" compensable under the CFAA as a result of Lysenko's alleged conduct. In *SkiData*, the Court rejected conclusory allegations in a *verified* Complaint as insufficient to meet minimum pleading requirements, where the pleadings did not allege that defendant's allegedly unauthorized access resulted in impairment to plaintiff's systems, caused a diminution in the completeness or usability of data or information, or rendered plaintiff's programs unusable as required to show "damage" under CFAA. *Id.* at *2. The *unverified* Complaint in this case alleges no facts showing that RTI suffered any damage or impairment to data, a program, a system, or information owned by RTI. *See, e.g., HCC Ins. Holdings, Inc. v. Flowers*, 237 F. Supp. 3d 1341, 1357 (N.D. Ga. 2017) (granting motion to dismiss); *Pediatric Nephrology Assocs. of S. Fla. v. Variety Children's Hosp.*, 226 F. Supp. 3d 1346, 1354-55 (S.D. Fla. 2016) (Conclusory allegations that defendants "hacked" into system to obtain proprietary information for

improper uses to impact treatment of patients failed to state claim absent facts sufficient to demonstrate actual cognizable injury to plaintiff); *Nianni, LLC v. Fox,* No. 2:11–CV–118–FTM–36DNF, 2011 WL 5357820, at *4 (M.D. Fla. Nov. 7, 2011) (failure to allege cognizable "damage" fatal to CFAA claim under 18 U.S.C. § 1030(a)(5)(C)); *Klein & Heuchan,* 2009 WL 963130, at *4 (failure to allege impairment to the integrity or availability of its data, program, system or information required dismissal).  This, of course, is understandable since RTI has not alleged that Lysenko actually "accessed" its systems.

Even if RTI alleged that Lysenko had accessed its protected computers, any allegations in the Complaint that suggest "damage" pertain to RTI's speculation that Lysenko intended to access and "steal" RTI's "confidential and proprietary" information, *see* DE 10 at ¶ 21, and to advance his own personal interests, *id.* at ¶ 22, not to any alleged deletion and/or alteration of the data, which is a required element under the CFAA. *See Pediatric Nephrology,* 226 F. Supp. 3d at 1355; *Continental Group, Inc. v. KW Prop. Mgmt., Inc.*, 622 F. Supp. 2d 1357, 1371 (S.D. Fla. 2009) (rejecting contention that "unauthorized access can be damage," and holding that "the data must be impaired and not merely copied")[9]; *Lockheed Martin*, 2006 WL 2683058, at *7 (M.D. Fla. Aug. 1, 2006) ("Likewise, while Lockheed's remedial measures ... fall under the statute's

---

[9] In *Brown Jordan*, the Eleventh Circuit declined to follow *Continental Group* on other grounds, i.e., whether all cognizable "loss" had to result from an interruption of service under 18 U.S.C. § 1030 (e)(11) but did not address the issue of cognizable "damage" under 18 U.S.C. § 1030(e)(8). *See Brown Jordan*, 846 F.3d at 1174.

definition of 'loss,' such measures do not fit in the definition of 'damage,' which is aimed at the impairment rendered to the computer and information therein.").

### 2.   RTI fails to allege that Lysenko "obtained anything of value" or "furthered his intended fraud" required under 18 U.S.C. § 1030(a)(4)

To state a claim under CFAA's "fraud" provision in 18 U.S.C. § 1030(a)(4), RTI must allege each the following elements: (1) Lysenko knowingly (2) and with intent to defraud (3) *accessed* a protected computer, (4) that he lacked authorization or exceeded his authorized access to that protected computer, (5) that by means of such conduct he furthered his intended fraud and obtained anything of value, and (6) of course, that Lysenko caused at least $5,000 in loss to RTI. *See* 18 U.S.C. §§ 1030(a)(4) and 1030(g); *see also Agilysys,* 2017 WL 2903364 at *3; *Enhanced Recovery,* 2015 WL 1470852, at *5; *Nianni,* 2011 WL 5357820, at *4; *PharMerica, Inc. v. Arledge*, No. 8:07-CV-486-T-26MAP, 2007 WL 865510, at *6 (M.D. Fla. Mar. 21, 2007).

As addressed in detail above at Sections B.1 and B.2, RTI has failed to allege the required elements of "access" and "loss" required in a claim under 18 U.S.C. § 1030(a)(2)(C). Likewise, RTI has not alleged that Lysenko "furthered his intended fraud" (which likewise is not identified) or that he "obtain[ed] anything of value" from any protected computer as required under 18 U.S.C. § 1030(a)(4)

*3. RTI fails to allege that Lysenko "obtained information" from a protected computer required under 18 U.S.C. § 1030(a)(2)(C)*

To state a claim under CFAA's "data theft" provision 18 U.S.C. § 1030(a)(2)(C), RTI must establish four elements: (1) Lysenko intentionally *accessed* a computer, (2) Lysenko lacked authorization or exceeded his authorized access to the computer, (3) that Lysenko thereby obtained information from a protected computer, and (4) of course, that Lysenko caused at least $5,000 in loss to RTI. *See* 18 U.S.C. §§ 1030(a)(2)(C) and 1030(g); s*ee also Aquent*, 65 F. Supp. 3d at 1344; *Enhanced Recovery,* 2015 WL 1470852, at *5; *Clarity Servs., Inc. v. Barney*, 698 F. Supp. 2d 1309, 1313 (M.D. Fla. 2010).

As addressed in detail above at Sections B.1 and B.2, RTI has failed to allege the required elements of "access" and "loss" required in a claim under 18 U.S.C. § 1030(a)(2)(C). Likewise, RTI has not alleged that Lysenko "obtained information from any protected computer" required in a claim under 18 U.S.C. § 1030(a)(2)(C). The Complaint fails to allege any facts that would support a finding that Lysenko obtained anything, including "information" from any computer, much less a "protected computer." Consequently, any attempted claim under 18 U.S.C. § 1030(a)(2)(C) must be dismissed.

### D.   CFAA does not authorize award of attorney's fees or treble, punitive or other noneconomic damages

Undaunted by the complete lack of legal or factual support for its substantive claims, RTI boldly presses on, demanding judgment for compensatory, statutory, punitive and

treble damages, as well injunctive relief[10], attorney's fees, and more. (DE 10 at ¶ 24).

CFAA's civil action provision states: "Any person who suffers damage or loss by reason

of a violation of this section may maintain a civil action against the violator to obtain

compensatory damages and injunctive relief or other equitable relief." 18 U.S.C. §

1030(g). The plain language does not authorize RTI to demand statutory damages, treble

damages, punitive damages, or attorney's fees. *See* 18 U.S.C. § 1030(g); *see also Massre

v. Bibyan,* No. 12 Civ. 6615 (KPF), 2014 WL 2722849, at *3 (S.D.N.Y. Jun. 16, 2014)

(CFAA does not permit punitive damages); *Brooks v. AM Resorts, LLC,* 954 F. Supp. 2d

331, 338 (E.D. Pa. 2013) (litigation expenses not recoverable); *NCMIC Finance Corp. v.

Artino*, 638 F. Supp. 2d 1042, *order modified,* 2009 WL 10669611 (S.D. Iowa Nov. 10,

2009); *Wilson v. Moreau,* 440 F. Supp. 2d 81 (D.R.I. 2006), *aff'd*, 492 F.3d 50 (1st Cir.

2007) (attorney's fees prosecuting CFAA action not recoverable).

    Moreover, the CFAA expressly and plainly limits recovery of damages involving

claims that are based on the threshold "loss" factor in 18 U.S.C. § 1030(c)(4)(A)(i)(I) to

*economic* losses. *See Trademotion,* 857 F. Supp. 2d at 1290. "Legal fees" and "court

costs" are not "consequential damages" within the meaning of 18 U.S.C. § 1030(e)(11);

*see Brown Jordan*, 846 F.3d at 1174 ("'Loss' includes the direct costs of responding to

the violation in the first portion of the definition, and consequential damages resulting

---

[10] Despite its urgent claims to the Court that Lysenko *continues* (DE 10 at ¶ 21) to attempt to access the "highly sensitive and confidential financial information" in its "online treasury management system," (DE 10 at ¶¶ 1, 6, 9, 10, 18), RTI, a publicly traded corporation has filed no motion for injunctive relief, has provided this Court with no supporting affidavits or declarations, verified pleadings, or other evidence, and apparently not brought this alleged "criminal" conduct to the attention of any law enforcement agencies.

from interruption of service in the second."); *Padmanabhan v. Healey*, 159 F. Supp. 3d 220, 224 (D. Mass. 2016) (attorney fees do not qualify as "losses" under CFAA), *aff'd*, 2017 WL 3404402 (1ˢᵗ Cir.), *cert. denied*, ___ S Ct. ___, 2017 WL 1650482 (2017).

## III. Conclusion

RTI has endeavored to cobble together a non-existent civil claim by casting various dramatic and serious accusations against a former employee to create the illusion of a sinister computer criminal. While incredibly disparaging of and damaging to Lysenko, such assertions otherwise amount at most to ineffective legal legerdemain to distract the Court's attention from the glaring fact that RTI does not and cannot allege the elements of "access" and "loss," both of which are critical to its CFAA claim under any theory. In addition, each purported individual CFAA violation fails for lack of required elements: any "hacking" claim under §1030(a)(5)(C) fails for lack of alleged "damage." Any "fraud" claim under §1030(a)(2)(C) fails for lack of allegations that Lysenko "obtained anything of value" and "further the intended fraud."  Likewise, any alleged "data theft" claim under §1030(a)(2)(C) fails or lack of any allegation that Lysenko "obtained information" from a protected computer, i.e., no theft is alleged. Finally, RTI's "kitchen sink" approach to damages is simply not consistent with the limited remedies available under CFAA in cases when a violation is adequately alleged. Moreover, the Middle District has cautioned that CFAA is a "criminal statute with a civil cause of action" and that the rule of lenity "requires a restrained, narrow interpretation." *Lockheed Martin*, 2006 WL 2683058, at *7. *Accord Clarity Servs.*, 698 F. Supp. 2d at 1316.

Extension of a federal criminal statute to employee misconduct in the private sector is a legislative responsibility and not a proper occasion for aggressive statutory interpretation by the judiciary. *See Lee v. PMSI, Inc.,* No. 8:10–CV–2904–T–23TBM, 2011 WL 1742028, at \*3 (M.D. Fla. May 6, 2011) (citing *United States v. Rybicki*, 354 F. 3d 124, 135 (2d Cir. 2003)). Allowing this case to proceed absent so many critical elements would fly directly in the face of this body of authority.

WHEREFORE, Defendant Anthony Lysenko respectfully requests that the Court enter an order dismissing the Complaint.

Date: November 27, 2017

Respectfully submitted,

THOMAS & LOCICERO PL

/s/   *Susan Tillotson Bunch*
Susan Tillotson Bunch
  (Fla. Bar. No.: 869562)
sbunch@tlolawfirm.com
abeene@tlolawfirm.com
601 South Boulevard
Tampa, Florida  33606
Telephone: (813) 984-3060
Facsimile: (813) 984-3070

Attorney and Trial Counsel for
Anthony Lysenko

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on this 27th day of November 2017, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system, which will send a

notice of electronic filing to Counsel of Record:

Sara F. Holladay-Tobias, Esquire
Emily Rottmann, Esquire
MCQUIREWOODS LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-3200
Facsimile: (904) 798-3207
stobias@mcguirewoods.com
erottmann@mcguirewoods.com
flservice@mcguirewoods.com
jaiken@mcguirewoods.com
clambert@mcguirewoods.com
Attorneys for Plaintiff Roper Technologies, Inc.

By:     /s/ Susan Tillotson Bunch
        Susan Tillotson Bunch