**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROPER TECHNOLOGIES, INC.,**

    Plaintiff,

**CASE NO**. 8:17-cv-1522-T-33MAP

**v.**

**ANTHONY LYSENKO,**

    Defendant.

_____/

**PLAINTIFF ROPER TECHNOLOGIES, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT ANTHONY LYSENKO'S MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff Roper Technologies, Inc. ("Roper"), by its undersigned attorneys, hereby responds in opposition to Defendant Anthony Lysenko's ("Lysenko") Motion to Dismiss Roper's First Amended Complaint (D.E. 20), and in support states as follows:

**INTRODUCTION**

In Lysenko's Motion to Dismiss, Lysenko asks the Court to impose a pleading standard far higher than that required by the Federal Rules of Civil Procedure. Applying the proper standard, Roper's Amended Complaint states a claim for relief under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.* (the "CFAA"). Further, the vast majority of the cases cited in Lysenko's Motion have no application to the instant case.

As discussed in more detail below, the Court should deny Lysenko's Motion for the following reasons: First, Lysenko provides no argument in support of his Motion to Dismiss pursuant to Rule 12(b)(1), and the Court has federal subject-matter jurisdiction under 28 U.S.C. § 1331. Second, the statutes and cases cited by Lysenko do not support his contention

that he may freely attempt to access Roper's computer systems so long as his attempts are unsuccessful. Third, the Amended Complaint clearly alleges a loss suffered by Roper as a result of Lysenko's wrongful conduct. Fourth, Lysenko's remaining arguments rest on subsections of the CFAA not at issue here, and attempt to apply a pleading standard for damages far higher than that contained in the Federal Rules or the CFAA.

The Amended Complaint contains the required short and plain statement of Roper's claim showing that it is entitled to relief. Moreover, even if Lysenko had sufficiently set forth a basis for granting his Motion—which Roper strongly disputes—he failed to show any defect that could not be cured by amendment. Roper therefore respectfully requests that the Court deny Lysenko's Motion or, at minimum, grant Roper leave to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

Roper filed this lawsuit in an attempt to identify and block an unknown individual ("John Doe") linked to an IP address that was being repeatedly used to attempt to hack into Roper's computer systems. [D.E. 1.] After third-party discovery revealed John Doe to be Lysenko (a former employee of Roper), Roper filed and served a First Amended Complaint, substituting Lysenko for John Doe. [D.E. 10 ¶ 4.] The Amended Complaint brings a single count for violation of the CFAA.

The Amended Complaint contains allegations relating to each element of a CFAA claim. Specifically, the Amended Complaint alleges that Roper stores highly sensitive and confidential financial information in its computer systems. [*Id.* ¶¶ 9, 18.] To protect this information, Roper uses a system of unique usernames and passcodes, limits access to those

with a specific need to access the information, and actively monitors its system for unauthorized access. [*Id.* ¶ 9.] Lysenko, as a former employee, "is not one of the individuals authorized to access Roper's servers, computer system, and online treasury management system." [*Id.* ¶¶ 11, 19–21.]

In monitoring Roper's computer systems for unauthorized access, its information technology professionals observed repeated attempts to "hack into Roper's servers from IP address 72.186.115.192 using the account name 'alys,'" which turned out to be Lysenko. [*Id.* ¶¶ 10, 12.] Due to the repeated and ongoing nature of the login attempts, they can only be described as knowing, intentional, and fraudulent. [*Id.* ¶¶ 20–23.] Finally, the Amended Complaint states that "[a]s a result of Lysenko's conduct, within less than one year's time, Roper has incurred substantial damages in excess of $5,000.00." [*Id.* ¶ 24.]

## ARGUMENT

**I.  The Court should deny Lysenko's Motion to Dismiss under Rule 12(b)(1) because he makes no argument in support of it, and because Roper brings its claim under a federal statute.**

As an initial matter, although Lysenko asserts Rule 12(b)(1) of the Federal Rules of Civil Procedure as a supposed ground for dismissal of the Amended Complaint, he offers no argument in support of this aspect of his Motion. Nor is there any merit to a motion under Rule 12(b)(1) with respect to the claim at issue here.

Rule 12(b)(1) concerns a lack of federal subject-matter jurisdiction. Here, the Court has subject-matter jurisdiction because Roper's claim is for violation of the CFAA—a federal statute. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Presumably,

Lysenko's argument is that *if the Court dismisses Roper's CFAA claim*, the Court would no longer have subject-matter jurisdiction over the action. This puts the cart before the horse, however, because it depends upon dismissal of Roper's CFAA claim which, as discussed below, is unwarranted. Because Lysenko provides no argument in support of dismissal under Rule 12(b)(1) and because the Court has subject-matter jurisdiction under 28 U.S.C. § 1331, the Court should reject Lysenko's request for dismissal under Rule 12(b)(1).

II. **The Court should deny Lysenko's Motion to Dismiss pursuant to Rule 12(b)(6) because the Amended Complaint, on its face, states a claim for relief under the CFAA.**

A. *Legal Standard on a Rule 12(b)(6) Motion*

A defendant cannot succeed on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure unless he or she shows that the complaint, on its face, fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In deciding a Motion under Rule 12(b)(6), the Court "must accept the allegations of the complaint as true and must construe the facts alleged in the light most favorable to the plaintiff." *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (1994), *app. after remand*, 166 F.3d 351 (11th Cir. 1998) (citation omitted). So long as the complaint presents something more than "a sheer possibility that a defendant has acted unlawfully," the court should deny a motion to dismiss under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Likewise, the notice-pleading standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure "sets a very low threshold for determining the sufficiency of facts in the statement of a claim." *Upfloor Ams., Inc. v. S Squared Sustainable Surfaces, LLC*, No. 6:16-

cv-179, 2016 U.S. Dist. LEXIS140952, at *12 (M.D. Fla. Oct. 12, 2016).  A complaint need only include "a short and plain statement of the grounds for the court's jurisdiction[,] . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought."  FED. R. CIV. P. 8(a)(1)–(3); *see also Twombly*, 550 U.S. at 555 (observing that a complaint need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quotation omitted)).  Roper's Amended Complaint handily meets this standard.

### B.  *Roper has sufficiently alleged a violation of the CFAA*

Lysenko's primary argument for dismissal of the Amended Complaint pursuant to Rule 12(b)(6) is that despite numerous attempts to access Roper's computers without authorization—which he does not deny making—he did not actually succeed in getting through Roper's security.  [D.E. 20, at 8–12.]  This is a red-herring argument that does not comport with the CFAA.

The CFAA provides that "[a]ny person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief."  18 U.S.C. § 1030(g).  A violation of 18 U.S.C. § 1030(a)(4) occurs when a defendant "knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period."

Although the CFAA does not define the term "access," *Live Face on Web, LLC v. Tweople, Inc.*, No. 6:14-CV-44-ORL-22TBS, 2014 WL 12611359, at *2 (M.D. Fla. Sept. 29, 2014), the courts have interpreted this term to include attempts to break through a plaintiff's secured computer systems. For example, in *Four Seasons Hotels & Resorts B.V. v. Consorcio Barr, S.A.*, the Court held that a hotel licensee violated the CFAA where it "attempted on numerous occasions within a one-year period to intentionally access without authorization" the licensor's protected computers. 267 F. Supp. 2d 1268, 1322 (S.D. Fla. 2003), *aff'd in part, rev'd in part sub nom. Four Seasons Hotels v. Consorcio Barr S.A.*, 138 F. App'x 297 (11th Cir. 2005). In reaching this holding, the Court reviewed rejection logs that recorded unauthorized traffic on the company's servers, and noted that "[a]ll rejections shown in the logs are by definition unauthorized transmissions." *Id.* at 1304. Similarly, as alleged in the Amended Complaint, Roper's information technology professionals and security team have identified and (so far) successfully blocked multiple unauthorized attempts by Lysenko to login to Roper's systems. [D.E. 10 ¶¶ 10, 12, 20–21.] Each such attempt is a violation of the CFAA.

Lysenko does not cite a single case standing for the proposition that a CFAA claim fails merely because a hacker ultimately did not succeed in penetrating the plaintiff's security. Instead, the cases cited by Lysenko are clearly distinguishable from the allegations in the instant case. In *Agilysys, Inc. v. Hall*, 258 F. Supp. 3d 1331 (N.D. Ga. 2017) and *Power Equip. Maintenance, Inc. v. AIRCO Power Servs., Inc.*, 953 F. Supp. 2d 1290, 1297 (S.D. Ga. 2013), two Georgia District Court held that it was not sufficient for a defendant to merely receive stolen data from a third party; it must actually commit the conduct itself. In

*Thomas Christopher Grp., Inc. v. Moreno,* No. 8:15-CV-992-T-17EAJ, 2015 WL 4139169, at *7 (M.D. Fla. July 8, 2015), the Court noted the broad definition of the term "access" in the Eleventh Circuit, but held that the plaintiff could not succeed on a claim by alleging access by the defendant's agent.  Finally, in *Trademotion LLC v. Marketcliq, Inc.*, 857 F. Supp. 2d 1285 (M.D. Fla. 2012), the Court held that there is no cause of action where the defendant causes someone else to access protected computer systems.  These cases all involve access by third parties.  None of these cases resembles the situation at hand where the defendant is the person alleged to have attempted to access the computer systems.

Finally, the CFAA itself makes clear that a violation occurs not just where a hacker successfully infiltrates a protected computer system, but also where a defendant "conspires to commit or attempts to commit an offense."  28 U.S.C. § 1030(b).  That Lysenko has so far been unsuccessful in his attempts to access Roper's computer systems does not shield him from liability under the CFAA.

### C. *The Amended Complaint adequately alleges Roper's loss as a result of Lysenko's conduct*

Next, Lysenko argues that the Amended Complaint does not sufficiently allege a loss by Roper as a result of Lysenko's conduct. [D.E. 20 at 12–14.]  This argument fails in light of the notice-pleading standard and the broad definition of "loss" set forth in the CFAA.

Rule 8 does not require that a plaintiff provide an accounting or enumeration of damages in order to state a claim.  Rule 8 merely requires "a demand for the relief sought, which may include relief in the alternative or different types of relief."  FED. R. CIV. P. 8(a)(3).  Likewise, the CFAA provides a private right of action where "the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)."

Relevant here is subclause (I), which involves "loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value." 18 U.S.C. § 1030(c)(4)(A)(i)(I).  The CFAA defines the term "loss" as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service."  18 U.S.C. § 1030(e)(11).

Here, the Amended Complaint alleges that "[a]s a result of Lysenko's conduct, within less than one year's time, Roper has incurred substantial damages in excess of $5,000.00." [D.E. 10 ¶ 24.]  The Amended Complaint also alleges that Roper's information technology professionals investigated and responded to Lysenko's attempts to hack into its computer systems.[1]  [*Id.* ¶¶ 9, 10.]  While these allegations may not contain the detail Lysenko might like, they are more than sufficient to put him on notice of the claim against him, especially where the statute defines "loss" as "any reasonable cost."

### D. The Court should reject Lysenko's arguments regarding fraud, damage to a computer system, and data theft

Finally, Lysenko argues that the Court should dismiss Roper's claim because the Amended Complaint does not allege that his conduct caused damage to Roper's computer systems or that he stole data from Roper.  [D.E. 20 at 14–18, 19.]  The Court should reject such arguments because, as Lysenko acknowledges, they are not required to state a claim

---

[1] To the extent Lysenko's focus on Roper's use of the term "observe" is anything more than a quibble over verbiage, Roper could easily amend the Amended Complaint to specifically use the terms investigate and respond to.

8

under Section 1030(a)(4).[2] The only additional argument Lysenko makes as to that provision is to repeat his arguments regarding access and loss, as addressed above. [D.E. 20 at 18.] Again, these are not sufficient reasons for dismissal.

Finally, Lysenko argues that the Court should dismiss the Amended Complaint because it reserves Roper's right to various types of damages, including attorneys' fees, punitive damages and treble damages. [D.E. 20 at 19–21.] While Lysenko is entitled to present argument at trial that certain types of damages should not be included in the judgment, this is not a basis for dismissal under Rule 12(b)(6). The only Eleventh Circuit case Lysenko cites on this issue stands for the proposition that "loss" under § 1030(g) should be interpreted broadly, and that "loss from . . . violation of the CFAA does not need to be related to an interruption of service in order to be compensable." *Brown Jordan Int'l, Inc. v. Carmicle*, 846 F.3d 1167, 1174 (11th Cir. 2017). Lysenko then concludes based on a narrower interpretation of the definition of "loss" followed by other circuits that the term does not include litigation costs, attorneys' fees or other types of damage. *See* D.E. No. 20, at 20–21 (citing, *e.g., Padmanabhan v. Healey*, 159 F. Supp. 3d 220, 224 (D. Mass. 2016) (holding that "legal fees [do not] constitute loss under the statute because they are not directly attributable to the alleged access"), and *Brooks v. AM Resorts, LLC*, 954 F. Supp. 2d 331, 338 (E.D. Pa. 2013) (holding that "litigation costs are not a compensable loss under the CFAA because they are not related to investigating or remedying damage to the computer").]

---

[2] To the extent the Court desires Roper to provide any further clarity as to the particular subsection of 1030 under which it brings its claim—which Roper contends is not necessary here—Roper could easily do so in a second amended complaint.

9

The Court should look past this attempt to prematurely limit Roper's damages based on non-binding case law from other jurisdictions.

For all these reasons, the Court should deny Lysenko's Motion to Dismiss.

### E. To the extent the Court finds any shortcoming in the Amended Complaint based on Lysenko's arguments, that shortcoming could be easily overcome through an amended pleading.

Roper disagrees with Lysenko's contention that its Amended Complaint lacks any detail needed to state a claim for violation of the CFAA. Nonetheless, to the extent the Court finds that any aspect of Roper's claim is inadequately alleged, Roper respectfully requests leave to amend its Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. *See Blue Cross & Blue Shield v. Halifax Ins. Plan*, 961 F. Supp. 271, 275 (M.D. Fla. 1997) (granting motion to dismiss and leave to amend where there is no apparent reason to preclude leave to amend); *see also U.S. Bank, N.A. v. Capparelli*, No. 13-80323-CIV, 2014 U.S. Dist. LEXIS 84284, at *27–28 (S.D. Fla. June 19, 2014) (holding that "in accordance with the usual practice upon granting a motion to dismiss, leave to replead the complaint will be permitted"). Moreover, as Roper's first amendment was made purely to identify John Doe, Roper has certainly not abused its right to amend.

### CONCLUSION

For the foregoing reasons, Roper respectfully requests that the Court deny Lysenko's Motion to Dismiss. Alternatively, to the extent that the Court finds any merit in Lysenko's arguments, Roper respectfully requests leave to amend its Amended Complaint pursuant to Rule 15(a)(2).

Dated:  December 18, 2017            Respectfully Submitted,

By: /s/ *Emily Y. Rottmann*
Sara F. Holladay-Tobias
Florida Bar No. 0026225
Emily Y. Rottmann
Florida Bar No. 0093154
**McGuireWoods LLP**
50 N. Laura Street, Suite 3300
Jacksonville, Florida 32202
(904) 798-3200
(904) 798-3207 (fax)
stobias@mcguirewoods.com
erottmann@mcguirewoods.com
flservice@mcguirewoods.com
jaiken@mcguirewoods.com
clambert@mcguirewoods.com

*Attorneys and Trial Counsel for Roper Technologies, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 18, 2017, a true copy of the foregoing was filed with the Court using the CM/ECF system, which will send notice to the following:

Susan Tillotson Bunch, Esq.
Thomas & LoCicero, PL
601 South Blvd.
Tampa, FL 33606-2629
Email: sbunch@tlolawfirm.com

*Attorney and Trial Counsel for*
*Anthony Lysenko*

*/s/ Emily Y. Rottmann*
Attorney