**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROPER TECHNOLOGIES, INC.,**

    Plaintiff,

**v.**

**CASE NO**. 8:17-cv-1522-T-33MAP

**ANTHONY LYSENKO,**

    Defendant.
_____/

## SECOND AMENDED COMPLAINT

Plaintiff Roper Technologies, Inc. ("Roper"), by and through its undersigned counsel, hereby sues Defendant Anthony Lysenko, formerly known as John Doe, ("Lysenko"), and states as follows:

## NATURE OF THE ACTION

1. This is an action for violation of the Computer Fraud and Abuse Act against a former employee of Roper who made hundreds of attempts to improperly access Roper's computer systems without authorization following his termination from the company.

## PARTIES AND VENUE

2. Plaintiff Roper is a Delaware corporation with its principal place of business at 6901 Professional Parkway East, Suite 200, Sarasota, Florida 34240.

3. Roper is a global marketer of engineered products and solutions for niche markets including software information networks, medical, water, energy, and transportation.

4. Defendant Anthony Lysenko is an individual who, upon information and belief, resides at 19341 Wind Dancer Street, Lutz, Hillsborough County, Florida 33558-9055.

5. Upon information and belief, Lysenko is the founder and CEO of a software company, holds a United States patent related to electronic communications technology, and is well-versed in information management systems.

6. Lysenko has made numerous unauthorized attempts to access Roper's computer systems without authorization, which constitutes a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq.

7. Based on the above allegations, this Court has personal and subject matter jurisdiction over this matter.

8. Venue over Roper's claim is proper in this Court pursuant to 28 U.S.C. § 1391.

**FACTUAL BACKGROUND**

9. From January 2007 to August 2015, Lysenko worked as a Senior Treasury Analyst at Roper.

10. On August 6, 2015, Lysenko was terminated from his employment at Roper.

11. Upon termination, all of Lysenko's login credentials were revoked, his email account was shut down, and he was no longer permitted to access any Roper computer system.

12. In or about May 2017, a Roper employee who assumed many of the functions previously performed by Lysenko prior to the termination of his employment, contacted Lysenko via LinkedIn inquiring as to whether Lysenko could direct him to the location of a contract Roper had with a third-party provider of treasury services.

13. In or about May 2017, Roper's independent, third-party information technology professionals observed the commencement of a large number of attempts to access Roper's computer systems, including its email server, using the username "alys."

14. On or about June 1, 2017, Roper again contacted Lysenko, indicating that someone was attempting to improperly access Roper's computer systems through Lysenko's login credentials. Lysenko responded that he had no knowledge of any such attempts.

15. Roper's information technology professionals investigated, assessed, and responded to these login attempts, and determined, for example, that between June 1, 2017 and November 15, 2017, there were over 1,000 attempts by "alys" to log into Roper's computer systems. Attached hereto as **Exhibit 1** are copies of logs showing these unauthorized attempts to access Roper's computer systems.

16. Initially unaware of the identity of "alys," Roper brought this action against "John Doe" on June 26, 2017 in an effort to identify the source of the unauthorized attempts to access Roper's computer systems.

17. After third-party discovery revealed "alys" to be Lysenko, Roper amended its complaint to substitute his name for John Doe.

## COUNT ONE
## VIOLATION OF 18 U.S.C. § 1030, *et seq.*
## COMPUTER FRAUD AND ABUSE ACT

18. Roper hereby incorporates by reference, as if fully stated herein, all the preceding paragraphs of this Complaint.

19. Roper's computer systems are used in interstate commerce to conduct business in many different states.

20. Roper's computer systems contain highly sensitive and confidential financial information, customer information, and trade secrets. Roper has made substantial investments to ensure that this information is secure. These investments include unique usernames and

passcodes, limiting access to those with a specific need to access the information, immediately revoking the credentials of any person whose employment is terminated, and active monitoring of the system for unauthorized access.

21.     Although Lysenko had access to certain of Roper's systems during his employment, his access was revoked upon termination on August 6, 2015.

22.     Therefore, as of August 6, 2015, Lysenko is not (and to date has not been) authorized to access any of Roper's computer systems.

23.     Beginning in or about May 2017, Lysenko, without authorization, has intentionally attempted to access protected computers and servers, and thereby obtain confidential and protected information of Roper.

24.     For example, Roper's login records show over 1,000 attempts to access its email server between June 1, 2017 and November 15, 2017. *See* **Exhibit 1**. These login attempts were made either on consecutive days or every few days, at varying times, and generally during waking hours.

25.     On November 18—soon after Roper's Complaint was served on Lysenko and just nine days after Lysenko's counsel appeared in this case—the attempted logins abruptly stopped.

26.     The repeated and consistent nature of the login attempts, combined with the fact that the attempts ceased soon after Lysenko was served with the Complaint in this action and retained counsel show that Lysenko knowingly and intentionally sought to access Roper's protected computers for the purpose of advancing his personal interests and to use Roper's confidential information for personal gain.

27. Because he is no longer an employee of Roper, Lysenko has no legitimate purpose for accessing any of Roper's computer systems.

28. On information and belief, Lysenko's attempts to access Roper's computer systems were committed with the intent to defraud and gain access to Roper's confidential information.

29. As evidenced by the repeated and consistent nature of the login attempts and the fact that the attempts ceased soon after Lysenko was served with the Complaint in this action and retained counsel, Lysenko engaged in all of the above-described acts with a knowing or intentional state of mind.

30. As a result of Lysenko's conduct, within less than one year's time, Roper has incurred substantial loss and damage in excess of $5,000.00. Specifically, Roper incurred costs in investigating, assessing and responding to Lysenko's hacking attempts, payment to third-party information technology vendors for their services with respect to this investigation, assessment and response, as well as lost revenue, productivity, and other consequential damages.

WHEREFORE, Roper prays for

A. All damages permitted under 18 U.S.C. § 1030;

B. Injunctive relief to preclude future unauthorized attempts to access Roper's computer systems, and for the return or destruction of all electronic equipment used in these unauthorized attempts;

C. Reasonable attorneys' fees and other litigation costs; and

D. Any further relief the Court deems just and appropriate.

Dated: January 31, 2018.	Respectfully Submitted,

By:	/s/ *Emily Y. Rottmann*
Sara F. Holladay-Tobias
Florida Bar No. 0026225
Emily Y. Rottmann
Florida Bar No. 0093154
**McGuireWoods LLP**
50 N. Laura Street, Suite 3300
Jacksonville, Florida 32202
(904) 798-3200
(904) 798-3207 (fax)
stobias@mcguirewoods.com
erottmann@mcguirewoods.com
flservice@mcguirewoods.com
jaiken@mcguirewoods.com
clambert@mcguirewoods.com

*Attorneys and Trial Counsel for Roper Technologies, Inc.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 31, 2018, a true copy of the foregoing was served via electronic mail on:

Susan Tillotson Bunch, Esq.
Thomas & LoCicero, PL
601 South Blvd
Tampa, FL 33606-2629
Email: sbunch@tlolawfirm.com

*Attorney and Trial Counsel for Anthony Lysenko*

*/s/ Emily Y. Rottmann*
Attorney